*361 The opinion of the Court was delivered by
O’Neall, J.
That the single bill, as the deed of a feme covert, is void, is not disputed. Not being executed in the name of the husband, or for him, from anything which appears on its face, prevents it from being set up as made by his agent, and therefore his deed. For, as is said in Robertson vs. Pope, 1 Rich. 504, “it must appear from the deed, that the sealing and delivery was in the name of the principal.”
But in this case, there was a count for goods sold and delivered to the son of the deceased, a minor, living with his parents.
The fact that the deceased had constituted his wife his general agent, was, as the Judge says, conclusively shown.
The single bill, although void as such, may very well be regarded as a written memorandum, by the wife as the agent of the husband, acknowledging* the justice of the account for the goods sold to the son, which were its consideration, and thus may charge her principal. For that the wife may be the agent of the husband to any extent which he may please, is too clear to admit of doubt. Story on Agency, § 7. Persons dealing with her, had the right to consider themselves as dealing with the principal. Story on Agency, § 165. Looked at in this way, this case stands before the Court thus: The son of the deceased, a minor, takes up goods from the plaintiff: when the account is presented the deceased, by his agent, gives a void instrument to liquidate and discharge the demand. This is, beyond all doubt, an admission of the liability of the deceased to pay, and hence there can be no doubt, that unless the effect of this statement of facts should be altered, by showing either that the authority of the wife was less than is conceded in the report, or that, in fact, there was mistake or fraud in making the single bill to discharge the account, the plaintiff will be entitled to recover.
The motion to set aside the non-suit is granted.
Wardlaw, WitheRs, Whitner, Glover andMuNRo, JJ., concurred.

Motion granted.